UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST DE LA O *(on behalf of himself and all others similarly situated)* | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| THB CONSTRUCTION, L.L.C. | § § | |
| Defendant | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Ernest De La O, on behalf of himself and all others similarly situated, hereby files this Original Complaint against THB Construction, LLC ("Defendant" or "THB") and in support thereof would show as follows:

## I.
## JURISDICTION AND VENUE

1.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et.seq.* ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce...."

1.2    The Court has personal jurisdiction over Defendant because Defendant THB Construction, LLC is a limited liability company duly organized under the laws of Texas and headquartered in Carrollton, Texas.  Further, Defendant conducts business in Texas, has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.1    Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.  Additionally, Defendant is a resident of said District.

**III.**
**PARTIES**

**A.    Plaintiffs**

3.1    Plaintiff Ernest De La O is an individual residing in Las Cruces, New Mexico.

**B.    Defendant**

3.2    Defendant THB Construction, LLC is a Texas limited liability company and maintains its principal place of business in Dallas County, Texas.  This Defendant may be served with process through its registered agent for service – Travis M. Boney, 1544 Valwood Parkway, Suite 100, Carrollton, Texas 75006.

**IV.**
**FLSA COVERAGE**

4.1    At all relevant times, upon information and belief, Defendant had annual gross operating revenues in excess of $500,000.00.

4.2    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3    At all relevant times, Defendant has employed, and continues to employ, employees, including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendant has been an "enterprise engaged in commerce or the production of goods for commerce" as defined in 29 U.S.C. § 203.

4.5    At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## V.
## FACTUAL ALLEGATIONS

5.1    Defendant employed Plaintiff as a laborer.  Specifically, Plaintiff, and those similarly situated were employed by Defendant to perform manual labor on construction jobs as required by their supervisors.  While employed as a laborer, Plaintiff and his co-workers were paid an hourly rate.  However, no matter the number of hours worked, Plaintiff and his fellow employees were never paid overtime even though none of the employees were exempt from the application of the FLSA.  Indeed, even though Plaintiff and his fellow workers always worked well in excess of forty hours a week, Defendant always paid them straight pay and never paid them overtime.

## VI.
## CAUSE OF ACTION:
## UNPAID OVERTIME COMPENSATION
## IN VIOLATION OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Plaintiff is a non-exempt employee.

6.3    Plaintiff is entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek. During Plaintiff's employment, he worked in excess of forty hours per week.  Even though Plaintiff worked in excess forty hours per week, Defendant failed to pay Plaintiff for those hours worked in excess of forty per week.

6.4    Accordingly, Defendant violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime compensation at a rate of one and one-half times the appropriate regular rate. Moreover, Defendant failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding nonpayment of overtime compensation.  Thus, not only is Plaintiff entitled to liquidated damages for such conduct, Plaintiff or those similarly situated may recover damages

as far back as three years prior to the filing of this suit.

6.5     Plaintiff seeks recovery of all unpaid overtime compensation during the "relevant period" and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.  For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

6.6     Plaintiff has retained the undersigned counsel to represent him in this action.  Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

7.1     Other employees have been victimized by Defendant's policy of violating the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.  Accordingly, Plaintiff brings this claim for relief on behalf of all persons who worked for Defendant performing substantially similar job duties as the Plaintiff, at any time three years prior to the filing of this lawsuit or to the entry of judgment in this lawsuit (the "Collective Class").

7.2     Defendant paid Plaintiff and the Collective Class an hourly rated and suffered and permitted them to work more than forty hours per week.  Defendant did not pay them proper overtime compensation for all hours worked beyond forty per week.

7.3     Though their job titles may vary, members of the Collective Class work for a construction company and their primary duties are to provide manual labor for Defendant. Plaintiff and those similarly situated shared many common job duties.  Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.  Specific job

titles do not prevent collective treatment. Moreover, Defendant's operations with respect to Plaintiff and the Collective Class and compensation paid to Plaintiff and the Collective Class are substantially similar, if not identical.

7.4    Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

7.5    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

7.6    Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b). Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

7.7    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII.
## JURY DEMAND

8.1    Pursuant to the provisions of Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury.

## PRAYER

*For the reasons stated above*, Plaintiff Ernest De La O and all those similarly situated to him who have or will opt into this action, respectfully request that this Court follow the certification procedures established pursuant to Section 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto, Plaintiff and all others similarly situated recover the following:

a.  Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rates;
b.  Liquidated damages in an amount equal to their unpaid overtime compensation as required by the FLSA;
c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;
d.  pre-judgment and post-judgment interest at the highest rates allowed by law; and
e.  such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

By:    /s/ Greg S. Gober
        GREG S. GOBER
        State Bar No. 00785916
        greggober@bhilaw.com

BLAIES & HIGHTOWER, L.L.P.
421 W. 3rd Street, Suite 900
Fort Worth, Texas 76102
817-334-0800 (Telephone)
817-334-0574 (Facsimile)

ATTORNEY FOR PLAINTIFF